BARRY J. PORTMAN
Federal Public Defender
REBECCA SULLIVAN SILBERT
Assistant Federal Public Defender
555 - 12th Street, Suite 650
Oakland, CA 94607-3627
Telephone: (510) 637-3500
Email: Rebecca_Silbert@fd.org
Counsel for Defendant GLOVER

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR 00-40037 DLJ |
| | ) | |
| Plaintiff, | ) | **STIPULATION REGARDING** |
| vs. | ) | **SENTENCE REDUCTION UNDER** |
| | ) | **U.S.S.G. AMENDMENT 706 (AS** |
| ROBERT GLOVER, | ) | **AMENDED BY 711)** |
| | ) | and **ORDER** |
| Defendant. | ) | |
| | ) | |

**IT IS HEREBY STIPULATED AND AGREED**, by and between the parties acting through their respective counsel, that:

1. The Court has indicated that it is making its own motion for a modification of the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2).

2. Defendant's original guideline calculation for count one, possession of crack cocaine with intent to distribute, was as follows:

    Total Offense Level:   29

    Criminal History Category:   IV

    Guideline Range:   121-151

Stip and Proposed Order Reduction Sentence         1

1 | Mandatory Minimum: 60 months

2 | 3. Defendant was sentenced to 121 months imprisonment on count one on September 19,
3 | 2000. On that same date, defendant was sentenced to 120 months on count three,
4 | possession of a firearm by a felon. The two terms were to run concurrent.

5 | 4. Defendant's current projected release date is April 24, 2009.

6 | 5. Defendant is eligible for a modification of his sentence on count one pursuant to 18
7 | U.S.C. § 3582(c), USSG § 1B1.10(c), and Amendment 706 of the United States
8 | Sentencing Commission Guidelines Manual.

9 | 6. Defendant's revised guideline calculation for count one is as follows:
10 | Total Offense Level:   27
11 | Criminal History Category:   IV
12 | Guideline Range:   100-125

13 | 7. The parties have no reason to dispute the Reduction of Sentence Report submitted to the
14 | Court by the probation office.

15 | 8. Based upon the foregoing, the parties hereby stipulate that a sentence of 100 months on
16 | count one is appropriate in this matter. The 120 month sentence for count three shall
17 | remain the same.

18 | 9. The parties further stipulate that all other aspects of the original judgment order including
19 | the length of term of supervised release, all conditions of supervision, fines, restitution,
20 | and special assessment remain as previously imposed.

21 | 10. Defendant stipulates that he waives and does not request a hearing in this matter pursuant
22 | to Fed. R. Crim. P. 43, 18 U.S.C § 3582(c)(2); *United States v. Booker*, 543 U.S. 220
23 | (2005) and *Kimbrough v. United States*, 128 S.Ct. 558 (2007); *United States v. Hicks*,
24 | 472 F.3d 1167 (9th Cir. 2007).

25 | 11. Defendant waives his right to appeal the district court's sentence.

26 | 12. Accordingly, the parties agree and stipulate that an amended judgement may be entered

Stip and Proposed Order Reduction Sentence          2

by the Court in accordance with this stipulation pursuant to 18 U.S.C. § 3582(c) and USSG § 1B1.10(c), Amendment 706 of the *United States Sentencing Commission Guidelines Manual*.

IT IS SO STIPULATED:

/S/

Date:   November 6, 2008

Rebecca Sullivan Silbert
Counsel for Robert Glover

/S/

Date:   November 6, 2008

Jonathan Schmidt
Assistant United States Attorney

I hereby attest that I have on file all holograph signatures for any signatures indicated by a "conformed" signature (/S/) within this e-filed document.

**ORDER**

Based on the above stipulation, the Court hereby ORDERS the following:

1. The Court is making its own motion for a modification of the defendant's sentence pursuant to 18 U.S.C. § 3582(c)(2);

2. **The original Judgment in the above-captioned case is AMENDED to impose a term of imprisonment of 100 months on count one only.**  All other aspects of the original judgment, including the length of term of supervised release, all conditions of supervision, fines, restitution, and special assessment remain as previously imposed. The originally imposed 120 month sentence on count three shall remain the same, and shall run concurrent with count one, as originally ordered.

3. Defendant's original guideline calculation on count one was as follows:

1      Total Offense Level: 29

2      Criminal History Category: IV

3      Guideline Range: 121-151

4      Mandatory Minimum: 60 months

5      Sentence Imposed: 121 months

6   4.   Defendant is eligible for a modification of his sentence on count one pursuant to 18

7      U.S.C. § 3582(c), USSG § 1B1.10(c), and Amendment 706 of the United States

8      Sentencing Commission Guidelines Manual;

9   5.   Defendant's revised guideline calculation for count one is as follows:

10      Total Offense Level: 27

11      Criminal History Category: IV

12      Guideline Range: 100-125

13   6.   Defendant has waived his right to a hearing in this matter pursuant to Fed. R. Crim. P. 43,

14      18 U.S.C § 3582(c)(2); *United States v. Booker*, 543 U.S. 220 (2005) and *Kimbrough v.*

15      *United States*, 128 S.Ct. 558 (2007); *United States v. Hicks*, 472 F.3d 1167 (9th Cir.

16      2007).

17   7.   Defendant has waived his right to appeal the sentenced imposed by this Order.

20 Date: November 10, 2008

                                           Honorable D. Lowell Jensen
21                                            Judge, United States District Court